**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| ICI CONSULTING, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>HARVEY TERRIE CLOUD, an Individual,<br><br>      Defendant. | CASE NO: |

**COMPLAINT**

1. Plaintiff ICI Consulting, LLC ("ICI"), by and through undersigned counsel, hereby brings this Complaint against Defendant Harvey Terrie Cloud ("Defendant") and states:

2. This case is about Defendant's breach of an Independent Contractor Agreement ("Agreement") (Ex. A.).

3. ICI operates under a highly specialized and proprietary business model. To protect this business model and interests, those working for and on behalf of ICI enter into Independent Contractor Agreements. The Agreement includes a number of common business covenants including, but not limited to provisions relating to compensation, as well as provisions prohibiting the

1

disclosure of confidential information, a standard covenant not to compete, and a requirement not to solicit ICI's clients.

4. However, while purportedly working for and on behalf of ICI, Defendant, at the same time, and unbeknownst to ICI, was also directly competing with ICI by disclosing the very confidential and proprietary information he promised to protect, all in an effort to transfer ICI's business to a direct competitor of ICI.

5. In direct breach of his Agreement, Defendant, among other things, disclosed to a competitor confidential ICI information including, but not limited to the fact that an ICI client was in the market for consulting services, the terms ICI had negotiated with that client, that the client was ready to engage ICI's services, and ICI's highly proprietary and confidential business means and methods.

6. In direct breach of his Agreement, Defendant induced one of ICI's clients to terminate its relationship with ICI and solicited that client to hire ICI's direct competitor for the same project. Shortly thereafter, Defendant left ICI to work for that same competitor.

7. Through this action, ICI seeks all damages directly and proximately caused by Defendant's breach of his Agreement.

8. Having failed to secure Defendant's compliance with the Agreement and applicable law, ICI now sues for compensatory damages, attorneys' fees and

costs, and all other relief to remedy its injuries from Defendant's breach of contract.

## PARTIES

9. ICI is a Florida limited liability company whose principal place of business is located at 739 Pinta Drive, St. Petersburg, FL 33715.

10. ICI's sole member is ICI Parent LLC, a limited liability company. ICI Parent LLC's sole member is ICI Consulting Holdings, Inc. ICI Consulting Holdings, Inc. is incorporated and maintains its principal place of business in Florida at 739 Pinta Drive, St. Petersburg, FL 33715.

11. Defendant is an individual residing at 7343 Rock Island Road, Charlotte, NC 28278.

## JURISDICTION, VENUE, AND CHOICE OF LAW

12. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). The Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000 exclusive of attorneys' fees, costs, and interest.

13. ICI's sole member is ICI Parent LLC, and ICI Parent LLC's sole member is ICI Consulting Holdings, Inc. As ICI Consulting Holdings, Inc. is incorporated and maintains its principal place of business in Florida, it is a citizen of Florida. Thus, ICI is a citizen of Florida for the purposes of 28 U.S.C. § 1332.

14. Defendant is an individual domiciled in the State of North Carolina and therefore, a citizen of North Carolina for purposes of 28 U.S.C. § 1332.

15. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this judicial district. This case arises out of Defendant's contacts with Florida. Moreover, the Agreement contains an enforceable choice-of-venue provision, which provides that venue in the United States District Court for the Middle District of Florida is proper. Ex. A., Section 17.1. That provision also states that Defendant waives any argument for improper venue or *forum non conveniens*. Ex. A., Section 17.1.

16. The Agreement is, by its terms, governed by the laws of the State of Florida.

17. This Court has personal jurisdiction over Defendant because Defendant freely negotiated and entered into the Agreement, which contains a choice-of-law provision designating Florida as the governing law and contains a provision whereby Defendant agreed to submit to the courts of Florida. Fla. Stat. §§ 685.101–02; *Corp. Creations Enters. LLC v. Brian R. Fons Att'y at Law P.C.*, 225 So.3d 296, 301 (Fla. 4th DCA 2017). The Agreement involved valuable consideration of more than $250,000 (namely, Defendant's engagement with ICI), and ICI is a citizen of Florida. *Corp. Creations Enters. LLC*, 225 So.3d at 301.

18. Moreover, Defendant attended ICI business meetings in Florida, and he frequently made telephonic and email communications to persons working for ICI in Florida. Accordingly, this Court also has personal jurisdiction over Defendant under Fla. Stat. §§ 48.193(1)(a)(1) and (1)(a)(2) because Defendant

carried on business activities in Florida and committed tortious acts with ICI's Florida personnel.

19. Exercising personal jurisdiction over Defendant in Florida does not offend traditional notions of fair play and substantial justice because Defendant consented to personal jurisdiction in this Court in the Agreement and waived his right to contest personal jurisdiction in any proceeding related to the Agreement. *See* Ex. A, Section 17.1.

## FACTUAL BACKGROUND

20. ICI is a highly sophisticated consultancy that, through its confidential and proprietary business methods, negotiates substantial savings for financial institutions with respect to payment processing expenses. Many of ICI's clients are banks and credit unions.

21. ICI is paid based on a set percentage of savings that it secures for its clients when they execute new Core Processing Agreements negotiated by ICI.

22. To protect its confidential information and proprietary business model, those working for ICI and on its behalf agree to maintain the confidentiality of ICI's business information and know-how (Section 9.1), not to compete with ICI under certain circumstances and for a limited amount of time, (Section 6.1), and to not solicit ICI clients (Section 7.1). Ex. A.

23. Specifically, Section 9.1 of the Agreement prohibits the disclosure of ICI's confidential and proprietary information (the "Confidentiality Clause"). The Confidentiality Clause reads in pertinent part:

> Contractor acknowledges and agrees that all information and know-how, whether or not in writing, which is developed, maintained or under the control of ICI or its client, or related to or used by ICI or its client in its business or practice, which is of a private, proprietary, or confidential nature or which is not generally known to the public or which ICI or its client does not intentionally disseminate constitutes confidential and proprietary information and is and shall be the exclusive property of ICI or its client, respectively. During the term of this Agreement and thereafter, Contractor shall use proprietary information of ICI and/or its clients and shall disclose confidential information of ICI and/or its clients, only for the benefit of ICI and/or its clients and as is necessary to carry out her responsibilities under this Agreement. Following termination, Contractor shall neither, directly nor indirectly, use any proprietary information nor disclose any confidential information, except as expressly and specifically authorized in writing by ICI or its client.

<u>Ex. A</u>, Section 9.1.

24. Section 7.1 expressly prohibits Defendant from attempting to solicit or soliciting any of ICI's clients during the term of the Agreement and for the following two years (the "Non-Solicitation Clause"). Specifically, the Non-Solicitation Clause states:

> Contractor hereby covenants and agrees that during the term of this Agreement and for a period of two (2) years immediately following the expiration or termination of this Agreement, whether by ICI or Contractor, Contractor shall not, directly or indirectly, (i) as an employee, director, agent, Contractor, or contractor for another person or entity, canvass or solicit in any manner, agree to perform or perform any services for any person or entity that Contractor had substantial dealings with during the twelve (12) month period preceding Contractor's termination with ICI that paid or engaged ICI for services or (ii) attempt to induce or induce any of ICI's Clients to cease doing business in whole or in part with ICI. "Clients" shall mean any client or customer of ICI with whom ICI provided services to at the time of Contractor's termination or with whom ICI provided

> services to and with whom Contractor had substantial dealing with during the twelve (12) months immediately preceding Contractor's termination from ICI.

Ex. A, Section 7.1.

25. Furthermore, Defendant agreed to a standard non-compete clause (the "Non-Compete Clause"), Section 6.1, that reads in pertinent part:

> During the period of time Contractor is working for ICI, Contractor shall not, either directly or indirectly, on his own behalf or on the behalf of others, perform any services that are the same or substantially similar to services provided by Contractor to ICI and are provided to any person or entity that <u>competes</u> with ICI's business in providing consulting services to elements of the financial services industry, unless otherwise expressly consented to do so by ICI. If contractor wishes to provide services on their own to non-ICI clients, the contractor can do so.

Ex. A, Section 6.1 (emphasis in original).

26. These restrictive covenants are reasonably necessary to protect ICI's legitimate business interests. Fla. Stat. § 542.335(1)(c). ICI has a legitimate business interest in protecting its valuable confidential business and professional information, including training materials and documents, pricing information, ICI's methodology for providing its consulting services, and information about ICI's products, offerings, and tools, and in protecting its substantial relationships with specific prospective and existing clients. Fla. Stat. § 542.335(1)(b); *Proudfoot Consulting Co. v. Gordon*, 576 F.3d 1223, 1233-34 (11th Cir. 2009).

27. ICI hired Defendant as an independent contractor in or about June of 2020.

28. Defendant executed the Agreement on June 16, 2020. The Agreement includes the restrictive covenants and governs the terms of his work with ICI.

29. Notwithstanding the Agreement, Defendant, in direct violation of the duty of loyalty owed to ICI, disclosed ICI's confidential information, solicited ICI's clients, and violated the Confidentiality Clause, the Non-Solicitation Clause, and the Non-Compete Clause both while working for ICI and after.

30. Specifically, while engaged by ICI and purportedly acting on behalf of ICI, Defendant was charged with the responsibility to re-sign ICI's client, Androscoggin Bank ("Androscoggin"), for additional ICI services.

31. Androscoggin had been a client of ICI since 2017. In 2021, ICI, by and through Defendant, was negotiating with Androscoggin to provide additional consulting services. The fact that Androscoggin was seeking additional services, that ICI was negotiating with Androscoggin, and certainly, the terms of the negotiations were not publicly known.

32. It also was not publicly known that Androscoggin was ready to engage ICI for additional services. Indeed, on the eve of signing with ICI, a representative of Androscoggin stated bluntly: "I'm ready to GO! Let's set up a meeting to get a plan in place :)." Ex. B, "Jan. 27 Email." That email was sent directly to Defendant, at his ICI email address.

33. Unbeknownst to ICI, following this email, Defendant decided to compete with ICI. To that end, Defendant began providing services to CCG Catalyst Consulting Group ("Catalyst"), a financial services consulting firm and

8

ICI's direct competitor, while working for ICI in violation of the Non-Compete Clause.

34. To carry out his illicit plan, Defendant divulged ICI's proprietary and confidential information to solicit Androscoggin's business. Specifically, Defendant had to inform Catalyst that Androscoggin was seeking services offered by ICI, that Androscoggin was about to sign with ICI, and the terms and conditions of that signing.

35. Defendant then relied on that proprietary and confidential information to induce Androscoggin to engage Catalyst for Androscoggin's consulting needs instead of ICI in violation of both the Confidentiality Clause and the Non-Solicitation Clause. Defendant relied on and disclosed this proprietary confidential information purely for his personal profit and benefit in securing an engagement with Catalyst.

36. Based on a series of poor performance reviews and client complaints, ICI chose not to renew the Agreement with Defendant. It properly terminated the Agreement in February 2021.

37. Shortly after ICI terminated the Agreement, Defendant began working for Catalyst providing services substantially similar to those he provided to ICI.

38. Abruptly following Defendant's move to Catalyst, Androscoggin signed a similar if not nearly identical contract with Catalyst for substantially the same services ICI was to provide Androscoggin.

39. But for Defendant's actions in violation of the Agreement, Androscoggin would have signed with ICI and used its consulting services, as evidenced by the January 27, 2021 email.

40. Defendant's plan and subsequent actions would not have been possible without improperly disclosing ICI's confidential information.

41. Indeed, there can be no question that the information disclosed by Defendant to Catalyst for the sole purpose of stealing ICI's business, was "developed maintained or under the control of ICI" and was "of a private, proprietary, or confidential nature" that was "not intentionally disseminate[d]" so as to qualify as "confidential and proprietary information" under the Confidentiality Clause of the Agreement. Clearer still is that the disclosure of this information by Defendant was not "for the benefit of ICI."

42. Moreover, Androscoggin was an existing client of ICI. Thus, Defendant induced an existing client to cease doing business with ICI and instead engage its competitor, in violation of the Non-Solicitation Clause.

43. All of this constitutes a breach by Defendant of the Agreement, and ICI has been directly and proximately damaged by Defendant's intentional, willful and wrongful conduct.

44. Should ICI prevail in this action, ICI requests recovery of its attorneys' fees and costs, pursuant to Fla. Stat. § 542.335(1)(k).

## **COUNT I**

### *Breach of Contract for Disclosure of Proprietary and Confidential Information*

45. ICI re-alleges and incorporates the allegations set forth in the preceding paragraphs as if set forth fully herein.

46. Defendant had a duty under the Agreement to not disclose proprietary and confidential information belonging to ICI.

47. Defendant breached the Agreement by disclosing to Catalyst confidential information he obtained solely through working with ICI including, but not limited to: (i) the fact that Androscoggin was in the market for consulting services of the kind that ICI provides; (ii) ICI's specific proprietary strategy for successfully securing Androscoggin's business; (iii) ICI's general proprietary strategy used to secure a wide variety of clients, which would have been particularly valuable to ICI's competitors when Defendant was seeking new employment; (iv) that Androscoggin was ready to engage ICI for its services; and (v) the terms and conditions upon which Androscoggin would engage ICI.

48. As a direct and proximate result of Defendant's breach of the Agreement, ICI has suffered damages including, but not limited to, over $600,000 in compensation it would have earned through the contract Androscoggin was poised to execute with ICI, and damages incurred by virtue of Defendant improperly providing to Catalyst ICI's confidential and proprietary business information in an amount to be determined at trial.

49. ICI also requests attorneys' fees and costs as a result of Defendant's breach of a restrictive covenant pursuant to Fla. Stat. § 542.335(1)(k).

## COUNT II

### *Breach of Contract for Solicitation of an ICI Client*

50. ICI re-alleges and incorporates the allegations set forth in paragraphs 1-44 as if set forth fully herein.

51. Defendant had a duty under the Agreement not to solicit ICI's clients during the term of the Agreement and for a period of two (2) years following the termination of the Agreement.

52. Given Androscoggin's prior relationship as a client of ICI, and the parties having negotiated and agreed upon the terms and conditions for entering into another agreement for consulting services, Androscoggin was a client of ICI.

53. Defendant, who was specifically tasked with re-signing Androscoggin with ICI, worked closely with Androscoggin representatives on ICI's behalf frequently up to and until his termination from ICI.

54. Defendant breached the Agreement by soliciting Androscoggin to hire Catalyst for substantially the same services that it had agreed to with ICI and inducing Androscoggin to cease doing business with ICI.

55. But for Defendant's actions, Androscoggin would have hired ICI.

56. As a direct and proximate result of Defendant's breach of the Agreement, ICI has suffered damages including, but not limited to, over $600,000

in compensation it would have earned through the contract Androscoggin was poised to execute with ICI.

57. ICI also requests attorneys' fees and costs as a result of Defendant's breach of a restrictive covenant pursuant to Fla. Stat. § 542.335(1)(k).

## COUNT III

### *Breach of Contract for Competing with ICI*

58. ICI re-alleges and incorporates the allegations set forth in paragraphs 1-44 as if set forth fully herein.

59. Defendant had a duty under the Agreement not to "perform any services that are the same or substantially similar to the services" that he provided to ICI to any "entity that competes with ICI's business in providing consulting services to the elements of the financial industry" during the time he worked for ICI.

60. Catalyst is a direct competitor of ICI because it provides substantially similar consulting services to banks and other financial institutions.

61. While Defendant was working for ICI and bound by the Agreement, he began providing substantially similar services for Catalyst. Specifically, he began providing consulting services to Catalyst while providing the same services to ICI.

62. As a direct and proximate result of Defendant's breach of the Agreement, ICI has suffered damages including, but not limited to, over $600,000

in compensation it would have earned through the contract Androscoggin was poised to execute with ICI.

63. ICI also requests attorneys' fees as a result of Defendant's breach of a restrictive covenant pursuant to Fla. Stat. § 542.335(1)(k).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff ICI Consulting, LLC, respectfully requests relief on all causes of action against Defendant Harvey Terrie Cloud as follows:

A. Enter judgment in favor of Plaintiff on all counts;

B. Award damages to Plaintiff resulting from Defendant's breaches of contract;

C. Award attorneys' fees and costs in accordance with Fla. Stat. § 542.335;

D. Award post-judgment interest as permitted by 28 U.S.C. § 1961; and

E. Award any and all other relief deemed just and proper.

*[signature page follows]*

| | |
|---|---|
| Dated: January 26, 2026 | Respectfully Submitted:<br><br>**DLA PIPER LLP (US)**<br><br>*/s/ Erin Berhan*<br><br>Erin Berhan (FBN: 1038948)<br>200 S. Biscayne Blvd.<br>Suite 2500<br>Miami, Florida 33131<br>Tel: (305) 423-8500<br>erin.berhan@dlapiper.com<br><br>Edward Scheideman (*pro hac vice* application forthcoming)<br>edward.scheideman@dlapiper.com<br>Caitlin Brydges (*pro hac vice* application forthcoming)<br>caitlin.brydges@dlapiper.com<br>500 Eighth Street, NW<br>Washington, DC 20004<br>Tel: (202) 799-4534<br>Fax: (202) 799-5534<br><br>*Counsel for Plaintiff ICI Consulting, LLC* |